## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET LINDA BEDDINI, | : | CIVIL NO: 3:16-CV-00983 |
| Plaintiff. | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| FORTY FORT BOROUGH CODE ENFORCEMENT, *et al*., | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

**I. Introduction.**

Janet Linda Beddini ("Beddini"), the plaintiff in this case, has failed to comply with the orders of this Court. She has also disregarded her duty under the Local Rules of this Court. In consideration of these facts, we recommend that this case be dismissed, pursuant to Rule 41 of the Federal Rules of Civil Procedure, based on Beddini's failure to prosecute.

**II. Background.**

On May 5, 2016, Beddini commenced this 42 U.S.C. § 1983 action by filing a complaint and an application to proceed *in forma pauperis* in the United States District Court for the District of Columbia. *See docs. 1*, *2*. On May 25, 2016, the action was transferred to this District. *See doc. 3*.

On June 21, 2016, we granted Beddini's motion to proceed *in forma pauperis* and directed service upon the following named defendants: (1) Forty Fort Borough Code Enforcement (the "Borough"); (2) Joseph S. Tocydlowski, Jr., Esq. ("Tocydlowski"); (3) Melissa C. Diana ("Diana"); (4) Melissa Fredericks ("Fredericks"); and (5) Brad Evans ("Evans"). *See doc. 6*. That same day, the waiver of service forms were mailed to all of these defendants. *See doc. 7*.

The following month, the waiver of service forms that were sent to defendants Diana and Fredericks[1] were returned as undeliverable (*see docs. 10, 11*), and counsel for defendant Tocydlowski entered an appearance (*see doc. 12*), filing a waiver of service (*see doc. 13*). With respect to the other remaining defendants, the Borough and Evans, however, the service forms were not returned as undeliverable, no waivers of service have been filed on their behalf, and there is no indication that they did not receive such waivers.

In the interim, defendant Tocydlowski filed a motion (*doc. 14*) to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, along with a brief in support (*doc. 15*).[2] Although Beddini was ordered to a file a brief in

---

[1] Upon closer review of the underlying action, it appears that although Beddini has explicitly identified Fredericks and Diana as two separate individuals, they may be the same person. *See doc. 1* at 1-3.

[2] Per that motion and brief, it appears Beddini has mistakenly spelled Tocydlowski's last name; it is actually spelled, "Toczydlowski." Thus, from hereinafter, we will recite the correct spelling.

opposition to that motion, she has failed to do so. *See doc. 16* (ordering Beddini to file, on or before September 29, 2016, a brief in opposition to Toczydlowski's motion to dismiss). In addition to failing to comply with that briefing order, her mail was returned to this Court as undeliverable. *See, e.g.*, *docs. 8*, *9*.

Thus, the Court has since issued a show cause order, directing Beddini to show cause, on or before October 25, 2016, if there is any, why the Court should not dismiss her lawsuit based on her failure to prosecute. *See doc. 17* (informing Beddini of failure to prosecute, "including her failure to keep the Court informed of her address and her failure to respond to [Toczydlowski's] pending motion to dismiss"). That deadline, however, has long since passed and Beddini has neither updated this Court with her mailing address, nor responded to the pending motion to dismiss or otherwise sought an extension of time to do so. Thus, for the reasons that follow, we recommend dismissing this action based on her failure to prosecute.

**III. Discussion.**

    **A. Under the Rules of this Court, Beddini Should be Deemed Not to Oppose the Motion to Dismiss.**

As a threshold matter, Beddini should be deemed not to oppose Toczydlowski's pending motion to dismiss because she has failed to timely oppose that motion. Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6. In this case, Beddini has

not complied with this Rule, nor has she complied with our previous order (*doc. 16*) to file a brief in opposition to Toczydlowski's motion. These procedural defaults compel us to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . ."

*Lease v. Fishel*, 712 F.Supp.2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when they are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Id.* at 372. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

Such basic principles of fairness apply here. Beddini failed to comply with Local Rule 7.6 because she failed to file a brief in opposition to Toczydlowski's

pending motions to dismiss, even after being ordered to do so. This failure now compels us to deem Beddini not to oppose that motion.

Nevertheless, Beddini's failure to file a brief in opposition, in itself, is not a sufficient basis for the Court to dismiss this case. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the Third Circuit reversed a district court's dismissal based upon the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court. *Id.* at 30. The Third Circuit stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case. *Id.* It noted that dismissal is not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion. *Id.* It also noted: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." *Id.*

Although this caveat from the *Stackhouse* case might suggest that we could grant the pending motion to dismiss based on Beddini's failure to file a brief in opposition after being ordered to do so by the Court, the Third Circuit has subsequently declined "to adopt an interpretation of *Stackhouse* under which a district court may dismiss a case solely because a plaintiff misses a briefing deadline set forth in a local rule or court-ordered briefing schedule." *Hernandez v. Palakovich*, 293 F. App'x 890, 895 (3d Cir. 2008). Rather, the Third Circuit held

that, before dismissing a case as a sanction for failure to follow a court rule or court order, a court must consider the factors set forth in the seminal *Poulis* case. *Id.* at 894 (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also Shuey v. Schwab*, 350 F. App'x 630, 633 (3d Cir. 2009) ("*Poulis* has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim. *Poulis* governs the District Court's decision to dismiss the [the plaintiffs'] claim, and it was error to dismiss without first considering the *Poulis* factors."). Thus, in accordance with this precedent, we turn to a consideration of the *Poulis* factors.

**B. Consideration of the *Poulis* Factors Warrants Dismissal of this Case.**

The issue of whether to dismiss Beddini's case comes before the Court *sua sponte*. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). While Rule 41(b) of the Federal Rules of Civil Procedure authorizes defendants to move for dismissal once a plaintiff fails to prosecute, the rule does not restrict a court's "inherent power" to dismiss. *Id.* at 630-31. Nonetheless, dismissal is a drastic sanction and "should be reserved for those cases where there is a clear record of delay or contumacious conduct by

the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). The need for caution is especially acute where, as here, the court acts on its own motion. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Yet, the Court's discretion is not unlimited and the Third Circuit has prescribed factors to guide the decision-making process. Commonly known as *Poulis* factors, the Court must balance the following considerations when deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. The *Poulis* factors, while instructive, do not establish a "magic formula" whereby decisions to dismiss become matters of easy calculation. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). In fact, no single factor is dispositive, *Briscoe*, 538 F.3d at 263, and each factor need not be satisfied for the Court to dismiss an action. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

7

Here, an assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. *Poulis* first requires that we consider the extent of the party's personal responsibility. In this regard, a *pro se* litigant is personally responsible for his or her own failure to comply with a court's rules and orders. Thus, Beddini, who is proceeding *pro se*, is responsible for her failure to file a brief in opposition to the pending motion to dismiss, as required by the Local Rules and ordered by the Court. *See* M.D. Pa. L.R. 7.6; *doc. 16* (ordering Beddini to file a brief in opposition). She is likewise responsible for her failure to update the Court with her current address, as also required by the Local Rules and ordered by the Court. *See* M.D. Pa. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); *doc. 17* (ordering Beddini to show cause for her failure to prosecute, and citing her failure to keep the Court informed of her address); *see also docs. 8*, *9*, *18* (returning Beddini's mail as undeliverable).

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

However, prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware*, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Here, although only one defendant has entered an appearance in this matter, Beddini's failure to litigate this case and comply with the Local Rules and the Court's orders not only frustrates, but delays resolution of this action. Her failure, therefore, can be seen—at the very least—to prejudice defendant Toczydlowki, who seeks a timely resolution of the case.

The third factor to be weighed is Beddini's history of dilatoriness. A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Adams v. Trs. Of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Here, Beddini initiated this lawsuit in May of 2016, by filing a complaint and a motion to proceed *in forma pauperis*. Beddini, however, has not had any contact with the Court since then. As a result, she has not kept the Court informed of her address, responded to the pending motion to dismiss, or shown cause why this lawsuit should not be

dismissed for her failure to prosecute. Thus, while Beddini cannot be seen as having a history of dilatoriness, she has disregarded both the Local Rules of, and the orders from, this Court.

The fourth *Poulis* factor is whether the conduct has been willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Here, although there is no direct evidence of bad faith, the totality of the circumstances creates a strong inference that Beddini's persistent silence is not inadvertent; it is willful.

The fifth factor requires the Court to consider the effectiveness of alternative sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. Here, monetary sanctions would likely be ineffective. Beddini is a *pro se* litigant, whose application to proceed in *forma pauperis* was previously granted by this Court. Thus, there is no reason to believe that she would be able to pay monetary sanctions. Moreover, her failure to respond to the pending motion to dismiss and her failure to keep the Court informed of her current address, as well as her overall disregard of this case, suggests that any sanction short of dismissal would be unproductive.

The sixth and final *Poulis* factor is the meritoriousness of Beddini's complaint. A claim will be deemed meritorious when the allegations of the

complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. Here, defendant Toczydlowski has submitted a motion to dismiss, which raises numerous arguments in support of dismissal. But even assuming that the case is meritorious, we conclude, given Beddini's failure to litigate this case, that the other factors, which weigh in favor of dismissal, outweigh this final factor.

Thus, in considering and weighing all of the *Poulis* factors, we conclude that dismissal of this action is appropriate.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the above-captioned matter be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. In light of this recommendation, we also recommend that Toczydlowski's pending motion (*doc. 14*) to dismiss be **DENIED** as moot.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **12th** day of **December, 2016**.

                                               *S/ Susan E. Schwab*
                                               Susan E. Schwab
                                               United States Magistrate Judge