THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANET LINDA BEDDINI, :
:
      Plaintiff, :
v. : 3:16-CV-983
: (JUDGE MARIANI)
FORTY FORT BOROUGH CODE :
ENFORCEMENT, et al., :
:
      Defendants. :

## ORDER

AND NOW, THIS __6th__ DAY OF JANUARY, 2017, upon review of Magistrate Judge Schwab's Report & Recommendation, (Doc. 19), for clear error and manifest injustice,[1] **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation, (Doc. 19), is **ADOPTED**, but only as modified by this Order. While the Magistrate Judge correctly turned to the *Poulis* factors, the Court does not completely agree with the Magistrates Judge's conclusions and, specifically, the need to dismiss this case with prejudice. Here, under the second

---

[1] The Court recognizes that the Report and Recommendation was sent to the address the Clerk of Court currently has on file for Plaintiff and returned as undeliverable, (Doc. 20). That Plaintiff may not have actually received the Report and Recommendation is, however, of no moment because parties not represented by counsel

> shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party. Service of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party.

Local Rule 83.18. Here, the Report and Recommendation was mailed to the address on file. Therefore, Plaintiff has been served with the Report and Recommendation and has not objected within the timeframe laid out by Local Rule 72.3.

*Poulis* factor, the Court does not believe the Defendants in this case have suffered much prejudice. Only one Defendant has entered an appearance in this case and there is no indication that he will be prejudiced if this Court dismisses the action and Plaintiff refiles it again within the statute of limitations. Under the third *Poulis* factor, the Court agrees that Plaintiff does not have a history of dilatoriness because after the initial filings and the *in forma pauperis* application, Plaintiff has had no contact with the Court and none of the Court's orders have reached the Plaintiff. Thus, the history of dilatoriness amounts to one incident: failing to keep a current address on file with the Court. While Plaintiff does have an affirmative duty to do so under the Local Rules, one failure cannot be considered a history of dilatoriness. Under the fourth *Poulis* factor, the Court disagrees that there is any indication that her failure to prosecute is anything but inadvertent due to inexperience with civil litigation. While Plaintiff bears responsibility for failing to update her address with the Court, the Court sees no indication that her failure was purposeful or made in bad faith. Thus, while the Court ultimately agrees that Plaintiff has failed to prosecute this case and the case should be dismissed, it does not see an initial failure to keep a current updated address on file with the Court as significant enough to merit foreclosing this pro se litigant's right to pursue her litigation in the future.

2. Plaintiff's Complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**.
3. Defendant Toczydlowski's Motion to Dismiss, (Doc. 14), is **DISMISSED AS MOOT**.

Case 3:16-cv-00983-RDM   Document 21   Filed 01/06/17   Page 3 of 3

4. The Clerk of Court is directed to **CLOSE** this case.

_____
Robert D. Mariani
United States District Judge